530 F.2d 790
 76-1 USTC P 13,125
 UNITED STATES of America, Appellee,
v.
Gene J. MELMAN, Guardian of the Estate of Geri Gussie
Melman, a minor, Appellant,
v.
W. Donald DUBAIL, Administrator cum testamento annexo de
bonis non of the Estate of Sam Melman, Jr.,
Deceased, and Florence Melman, Appellees.
 No. 75--1603.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 13, 1976.
Decided Feb. 26, 1976.
 
 Phillip J. Paster, Clayton, Mo., for appellant.
 J. Dennis O'Leary, St. Louis, Mo., for appellee, W. Donald Dubail, etc.
 Daniel F. Ross, Atty., Dept. of Justice, Washington, D.C., for appellee, United States; Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Crombie J. D. Garrett and Stephen M. Gelber, Attys., Tax Div., Dept. of Justice, Washington, D.C., and Donald J. Stohr, U.S. Atty., St. Louis, Mo., on brief.
 Allan F. Stewart, Legal Aid Society, Clayton, Mo., for appellee, Florence Melman; Stanley H. Sicher, St. Louis, Mo., on brief.
 Before LAY, HEANEY and STEPHENSON, Circuit Judges.
 LAY, Circuit Judge.
 
 
 1
 This action arose from the foreclosure of a federal estate tax lien against property received by one of the distributees of the estate of Sam Melman, Jr. The decedent died in November, 1967. No estate tax was paid before partial distributions were made to the decedent's granddaughter, Geri Gussie Melman, and to the surviving spouse, Florence Melman. The latter elected to take against the will and agreed to settle for $110,000 of which she received approximately $75,000. The granddaughter was beneficiary of a $17,500 life insurance policy which was included in the gross estate under 26 U.S.C. § 2042. The government levied against the proceeds of this policy. Gene J. Melman, acting as guardian for Geri, sought, under 26 U.S.C. § 2205,[1] reimbursement from the estate or alternatively, some initial equitable contribution from decedent's widow.
 
 
 2
 The district court ruled that the federal lien could properly be foreclosed against the insurance proceeds under 26 U.S.C. § 6324 and § 7403. This ruling is not challenged on appeal. However, the guardian appeals from the district court's denial of both reimbursement from the estate and of equitable contribution from the surviving spouse. The district court reasoned that the government had a prior lien on the undistributed estate and that the guardian could not recover from the surviving spouse because her distribution did not generate any federal estate tax and thus, any required contribution would not be just and equitable. We affirm, but for a different reason.
 
 
 3
 The difficulty with appellant's argument, as pointed out by the government, is that § 2205 creates no substantive right in any of the parties prior to final payment of the tax. In the present case a portion of the tax is still due and owing.[2] The statute is not designed to lessen the initial burden of any of the distributees pending full payment of the estate tax due. In Riggs v. Del Drago, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106 (1942), construing the predecessor of § 2205 (§ 826(b)), the Court said:
 
 
 4
 In short, § 826(b), especially when cast in the background of Congressional intent discussed before, simply provides that, if the tax must be collected after distribution, the final impact of the tax shall be the same as though it had first been taken out of the estate before distribution, thus leaving to state law the determination of where that final impact shall be.
 
 
 5
 317 U.S. at 101, 63 S.Ct. at 112 (emphasis added).
 
 
 6
 It is clear that only after the tax and expenses of administration are paid may a party look to the estate for reimbursement or under state law seek equitable contribution from other distributees. See Riggs v. Del Drago, supra at 98, 63 S.Ct. 109. Thus, the third-party complaint against the estate and against the widow must be dismissed as premature.
 
 
 7
 Judgment of dismissal of the third-party complaint is affirmed.
 
 
 
 [1]
 Title 26 U.S.C. § 2205 provides:
 If the tax or any part thereof is paid by, or collected out of, that part of the estate passing to or in the possession of any person other than the executor in his capacity as such, such person shall be entitled to reimbursement out of any part of the estate still undistributed or by a just and equitable contribution by the persons whose interest in the estate of the decedent would have been reduced if the tax had been paid before the distribution of the estate or whose interest is subject to equal or prior liability for the payment of taxes, debts, or other charges against the estate, it being the purpose and intent of this chapter that so far as is practicable and unless otherwise directed by the will of the decedent the tax shall be paid out of the estate before its distribution.
 
 
 [2]
 The parties represented to the court that at the present time the assets of the estate are not sufficient to pay the full tax. The court is informed of pending litigation in state court which could materially affect the assets of the estate